CLAYTON and others *vs.* SOMERS' EXECUTOR.

1. A legacy to A when he arrives at the age of twenty-one years, is contingent on A's attaining that age.

2. A provision for the payment of such a legacy by the sale of real estate, does not change its character and vest the legacy.

3. Interest does not accrue on contingent legacies until the time for payment arrives.

4. Where land not otherwise disposed of by the will, is charged with legacies, if the heir furnish the money for the legacies, he will be entitled to the land.

5. An executor who pays the debts and funeral expenses of his testator, for the discharge of which there is no personal estate, is entitled in equity to be re-imbursed therefor out of the real estate.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. A. H. Sharp,* for complainants.

*Mr. J. E. P. Abbott,* for defendant.

THE CHANCELLOR.

Enoch Lard, late of the county of Atlantic, died in 1863, leaving a last will and testament, by which, after directing that his debts and funeral expenses be paid, he gave certain pecuniary legacies to various persons, respectively. He then bequeathed "the balance" of his "personal property" to John E. Barrell and Lucretia Risley, in equal shares. He then ordered his executors to sell the land which he purchased of John M. Babcock, at public or private sale, to the best advantage, to pay the legacies ; and he then directed them to procure suitable tomb-stones, and cause them to be put up at his grave. He appointed David B. Somers and Joseph H. English his executors. The latter having renounced, letters testamentary were issued to David B. Somers. Among the legacies were three to Daniel, Nicholas, and Richard Clayton, children of the complainant Joab Clayton—$100 to each,

payable when they should respectively arrive at the age of twenty-one years. Nicholas died under that age, and his father took out letters of administration upon the estate. Richard is still a minor, and his father is his duly appointed guardian. David B. Somers settled the testator's estate. The personal estate appears to have been but $50.80, while the debts and expenses of settlement amounted to $392.40. He settled his final account in the Orphans Court of Atlantic county, in April, 1865. It shows a balance of $683.40 in his hands, including the money received from the sale of the Babcock property. That was all of the testator's real estate. The executors sold it under the power, and applied so much of the proceeds as was necessary for the purpose, after application of the personal estate, to the payment of the debts and expenses. David B. Somers died in April, 1874, intestate. No administration was granted of his estate. His son, the defendant, collected the money due his estate, and the bill is filed against him as executor de son tort, and as trustee by succession from his father.

The complainants are Joab Clayton (who sues as guardian of Richard and administrator of Nicholas,) and Daniel Clayton and Samuel Lard, the last of whom is the sole heir-at-law of the testator. Joab Clayton seeks a decree, ordering that the legacy of $100 given to Nicholas be paid over to him as administrator, and that the legacy of the like amount given to Richard, be paid over to him as Richard's guardian. Daniel Clayton, to whom Daniel B. Somers paid his legacy, without interest, when he attained to his majority, seeks a decree for the interest thereon from the 21st of January, 1864, the date of the sale of the Babcock property by the executor; and Samuel Lard prays a decree for the payment to him of $350, the amount of the proceeds of the sale of that property above the amount of the legacies. He insists that, as heir-at-law, he is entitled to so much of the proceeds of the sale of the land as was not needed to pay the legacies, and that no allowance is to be made for the payment of any of the testator's debts out of it. On the death of Nicholas Clayton, the

amount of the legacy given to him was paid to the residuary legatees.

Joab Clayton has no claim to relief unless the legacies to his son were vested, and not contingent merely. That they were of the latter character, there is no room to doubt. The gift is to the legatees, when they arrive at the age of twenty-one years. It is established that the right to a legacy given in such terms is contingent on the legatee's attaining to the specified age. *Gifford* v. *Thorn*, 1 *Stockt*. 702. It is insisted, however, that in this case the provision for the sale of the Babcock property for the payment of the legacies, gives to them a different character from that which they would otherwise have, and that by reason of that provision they are vested. This position cannot be maintained. The mere fact that the testator provides the means for the payment of the legacies out of his real estate, cannot affect the question as to whether they are vested or contingent. The legacy to Nicholas lapsed, therefore. For the same reason, the complainant, as guardian, is not entitled to the legacy given to Richard, and Daniel is not entitled to interest for any time preceding the time when he attained his majority. Interest is not due on contingent legacies until the time for payment arrives. *Roper on Leg*. 1309. Samuel Lard, the heir-at-law of the testator, is entitled to the lapsed legacy. The language of the residuary bequest confines the gift thereby made, expressly and explicitly, to the personal estate. And though the testator orders an absolute conversion of his real estate for the payment of the legacies, that will make no difference. *Roper on Leg*. 500, 516. Where land not otherwise disposed of by the will is charged with legacies, if the heir furnish the money for the legacies, he will be entitled to the land.

The heir, in this case, is entitled not only to the lapsed legacies, but to the interest accrued on the money set apart from the proceeds of the real estate to pay them. He is also entitled to the interest which accrued on the legacy to Daniel Clayton up to the time of vesting. He is, in like manner, entitled to the interest accruing on the legacy to Richard up

to the time of lapse or vesting. The defendant is entitled, in the account for the interest, to an allowance for taxes paid on the money from which the interest is derived. The heir, as before stated, insists that he is entitled to the money realized from the sale of the Babcock property, over the amount necessary to provide for the legacies, and that · the executor ought not to be allowed for any debts of the testator paid out of those proceeds. He relies, for support of his position, on the case of *Winants* v. *Terhune*, 2 *McCarter* 185, but that case does not dispose of or affect the question. There the testator, who was a resident of this state at the time of his death, and had both real and personal property here, owned real estate in New York, also. By his will, he ordered his executor to sell the last-mentioned property to pay certain specified debts. The executors sold it, accordingly. After paying those debts, a surplus of the proceeds remained in his hands. The personal estate was insufficient to pay the rest of the testator's debts. The executor accordingly applied to the Orphans Court of Bergen county for an order to sell land to pay debts. That court refused to make it, on the ground that the surplus of the proceeds of the New York property was personal property in his hands, applicable to the payment of the debts, generally. The question there was, as to the extent of the conversion of the New York property; and the Prerogative Court held that the Orphans Court was in error on that subject. It appears in the case before me (and the executor's final account had been passed about nine years when the bill was filed), that the amount of the personal estate was, as before stated, only $50.80, while the debts and expenses amounted to $392.40. The executor, having paid those debts and expenses, is entitled in equity to be re-imbursed for the amount, out of the real estate which was by law charged with the payment thereof. After paying the debts and expenses, and providing for the legacies, there remained only the balance of $8.40. To this amount, with the interest thereon, the heir is entitled.

The evidence shows that the defendant is chargeable, as executor *de son tort*, with the payment of that money. As trustee, he is liable for the amount of the lapsed legacy and the interest, as above stated. Inasmuch as the heir does not, by the bill, seek relief in respect to the lapsed legacy and the interest on the money set apart for the payment of the legacies, or either of them, he will not be entitled to costs, although relief is granted in respect thereto. And in view of the insignificant amount of the balance due in respect to the proceeds of the sale of land, which were not required to pay the debts and legacies, costs will not be awarded to him. The bill will, as to Joab and Daniel Clayton, be dismissed, with costs as against both; for Joab, though suing as administrator of one of his children, as well as in the capacity of guardian of another, is not, under the circumstances, entitled to any immunity from the consequences of the litigation, but should be required to pay the costs himself.